IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUNICE ALLEN-MURPHY,<br>      Plaintiff, | :<br>:<br>: |
| v. | :  CIVIL ACTION NO. 25-CV-3438 |
| CITY OF PHILADELPHIA, *et al.*,<br>      Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

PEREZ, J.                                                                                            SEPTEMBER 25, 2025

Plaintiff Eunice Allen-Murphy initiated this action by filing a *pro se* civil Complaint (ECF No. 2) against the City of Philadelphia, 39th District Philadelphia Police Department, an attorney, and several persons allegedly employed by the Police Department at the same time she was in 2013. She also filed a motion for leave to proceed *in forma pauperis* (ECF No. 1) and a "Notice Praecipe for Default Judgment" (ECF No. 6). For the following reasons, the Court will grant the request to proceed *in forma pauperis* and will dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). The default judgment request will be stricken.

I.      FACTUAL ALLEGATIONS[1]

Allen-Murphy provides few facts in her Complaint. In 2013, Allen-Murphy served as a police officer in the 39th District of the Philadelphia Police Department. (Compl. at 4.) While on the job on January 20, 2013, she allegedly sustained injuries to her hand, knee, and wrist, the latter of which required two surgeries. (*Id*. at 6.) Allen-Murphy says that she suffered

---

[1] The facts set forth in this Memorandum are taken from the Complaint ("Compl.") and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. The Court notes that the Complaint was originally submitted without a signature, but Allen-Murphy cured this defect. (*See* ECF No. 5.)

"retaliation and harassment" from coworkers who engaged in "continuous lies and deception." (*Id.*)  Specifically, Allen-Murphy claims that Defendants John McGrody, Michael Craighead, Vincent Testa, Jeffrey Shrunk, Tanya Blango, Leora Tucker, Diane Hines, and W. Michael Mulvey, Esq., "failed to protect" her because she was not permitted to continue working "light duty," and she was dismissed from her job while collecting worker's compensation.  (*Id.* at 5.)  She states that another person associated with the police union (who is not a party to this case) "failed to adhere to the prerequisites of the EEOC policies."[2]  (*Id.* at 4.)

On June 30, 2025, Allen-Murphy filed this Complaint against the Defendants alleging violations of her due process rights under the Fourteenth Amendment, retaliation and harassment under the Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"), and a state law claim for breach of contract.  (*Id.* at 6.)  In addition to the injuries to her wrist, hand, and knee, Allen-Murphy contends that she had a "mental breakdown" when her insurance did not want to pay for the surgeries.  (*Id.*)  She also appears to claim that the physical injuries brought stress, which "caused a mini stroke [with] facial paralysis," resulting in "2 major surgeries of over 400 stitches."  (*Id.*)  She seeks money damages of $100 million per person as well as punitive damages of the same amount.  (*Id.*)

---

[2] Documents Allen-Murphy submitted in a prior case she filed in this Court reflect that she was dismissed from the Police Department on September 18, 2015, for conduct unbecoming of an officer.  *Allen v. FOP Member John McGrody, Vice President, et al.*, Civ. A. No. 16-2756 (E.D. Pa.) (ECF No. 1 at 18).  As in this action, Allen-Murphy also sought to challenge the circumstances of her 2015 dismissal as a police officer.  After she failed to serve the complaint within the time permitted under the Federal Rule of Civil Procedure 4(m), the Court dismissed that matter without prejudice on September 28, 2016.  (Civ. A. No. 16-2756 at ECF No. 4.)

## II.     STANDARD OF REVIEW

The Court will grant Allen-Murphy leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Allen-Murphy's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this point, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Allen-Murphy is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commonwealth of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)).

### III.   DISCUSSION

#### A.   Claim under 42 U.S.C. § 1983

Allen-Murphy brings her Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. (Compl. at 3.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The alleged events in this matter occurred in Pennsylvania, and the Commonwealth's statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Allen-Murphy's § 1983 claim is two years.

A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which his action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Allen-Murphy focuses her Complaint primarily on events subsequent to her work injury on or about January 20, 2013, through her termination in 2015. (Compl. at 6.) While she states in a response to a question on the form Complaint that events giving rise to her claims occurred from "January 20, 2013 - August 2022," she does not allege any facts tied to the later date. (*Id*. at 4.) In any

4

event, even if an event happened in August 2022 as she states on the form, her June 2025 Complaint was still filed well outside the two-year statute of limitations period for § 1983 claims. 42 Pa. Cons. Stat. § 5524(2).

To the extent that Allen-Murphy includes undated allegations, namely that her insurance resisted paying for her surgeries for work-related injuries and that she suffered facial paralysis, the public docket from her earlier litigation indicates she knew of these alleged facts in June 2016. In the 2016 case, Allen-Murphy alleged work-related injuries, surgeries, and the anxiety-induced Bells Palsy in the supporting facts and statement of injuries in her complaint, and sought compensation for her medical expenses. (*See* Civ. A. No. 16-2756 at ECF No. 1 at 3-4.) She thus had knowledge of her claim in 2016, which belies the application of the discovery rule to toll the statute of limitations on her claim now.³ Allen-Murphy's constitutional claim will accordingly be dismissed as not plausible because it is untimely.⁴ *Gary v. Worker's Comp. Appeal Bd.*, No. 19-2068, 2019 WL 2162302, at *4 (E.D. Pa. May 17, 2019).

---

³ *See Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) ("the salient point giving rise to [ ] application [of the Pennsylvania discovery rule] is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause."). The facts do not support a plausible basis for equitable tolling either since she actually challenged her dismissal from the police in the 2016 case that she was unable to serve. *See Lloyd v. Ocean Twp.*, 857 F. App'x 61, 64 (3d Cir. 2021) ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his claims, but in the wrong forum.").

⁴ Even if the statute of limitations did not bar Allen-Murphy's claim, it is not plausible for other reasons. The 39th Division Police Department is not a proper defendant for purposes of the § 1983 claim. Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g., Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant

### B.  Title VII/PHRA Claim[5]

Title VII makes it unlawful for an "employer" to discriminate. 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a). Allen-Murphy seeks to assert a Title VII claim against numerous individuals who were *not* her employer, namely Defendants McGrody, Craighead, Testa, Shrunk,

---

to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)). In addition, W. Michael Mulvey, Esq., an unidentified defendant with no obvious or explained connection to the plaintiff or lawsuit, appears to be a worker's compensation attorney and is not a state actor. He is thus not an appropriate defendant in this case because an attorney performing the traditional functions of counsel— whether privately retained, court-appointed, or a public defender— is not a state actor for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App' x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel'") (citation omitted). That is because "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

Likewise, Allen-Murphy names Defendants Philadelphia officials John McGrody, Michael Craighead, Vincent Testa, Jeffrey Shrunk, Tanya Blango, Leora Tucker, and Diane Hines in his or her official capacity. Claims against City officials named in their official capacity are indistinguishable from claims against the City of Philadelphia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* Nowhere in Allen-Murphy's Complaint does she challenge a municipal policy, much less one that caused her constitutional harm.

[5] Allen-Murphy refers to her claim as a "Title 7 (PHRA)" claim. (Compl. at 3.) Claims under the PHRA are interpreted coextensively with their federal counterparts. *Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006) (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996)). For ease, the Court will refer to the combined claim as a "Title VII claim."

6

Blango, Tucker, and Hines, who are alleged to be employees of the Philadelphia Police Department, and Mulvey, who appears to be a private attorney. An "employer," according to the provisions of Title VII, is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). Courts have declined to extend liability under Title VII to individuals, holding the term "employer" as used in those statutes does not encompass individual employees. *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1078 (3d Cir.1996). Accordingly, the Title VII claims against McGrody, Craighead, Testa, Shrunk, Blango, Tucker, Hines, and Mulvey must be dismissed.

To the extent that Allen-Murphy wants to assert a Title VII claim against the City and the 39th District Police Department, such a claim is not plausible because it is time-barred. "To bring suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing 42 U.S.C. § 2000e-5(e)(1)). If the agency has not resolved the charge after 180 days, it must notify a complainant— usually in a "Right to Sue" letter—that it finds no reason to act on the complaint and that he or she has 90 days to file a private legal action. 42 U.S.C. § 2000e-5(f)(1). A complainant may also request a Right to Sue letter if he or she has not received one after 180 days, and the EEOC must issue one. 29 C.F.R. § 1601.28(a)(1). "A complainant may not bring a Title VII lawsuit in federal court without first having received a Right to Sue letter from the EEOC, since the receipt of same indicates that the complainant has exhausted his or her administrative remedies." *Triandafilou v. Kean Univ.*, No. 10-3798, 2011 WL 6071942, at *4 (D.N.J. Nov. 30, 2011) (citing *Burgh v. Borough of Montrose,* 251 F.3d 465, 470-71 (3d Cir. 2011)). Once a plaintiff

receives a final agency decision in the form of a Right to Sue letter, she must file her lawsuit within 90 days. *See Kannikal v. Att'y Gen. U.S.*, 776 F.3d 146, 149 (3d Cir. 2015) ("This scheme sets forth a specific starting point — namely, that a claimant may file suit 180 days after filing his initial charge. It also sets a specific outer limit — namely, that a claimant has 90 days in which to file suit after receiving a final agency decision.").

Allen-Murphy has not alleged any facts with respect to agency processes she utilized to exhaust her claims of harassment and retaliation from 2013 to 2015. Public dockets show that, in the prior civil action filed in this Court, No. 16-2756, Allen-Murphy submitted a copy of an EEOC/PCHR Complaint dated January 5, 2016, lodging a charge of discrimination against the Philadelphia Fraternal Order of Police Lodge #5 for refusing to represent her during the grievance process. (*See* Civ. A. No. 16-2756 at ECF No. 1 at 24-26.) She also appended the Defendants' answer to her EEOC/PCHR Complaint to her federal court filing. (*See id.* ECF No. 1 at 27-33.) Allen-Murphy did not allege in this Complaint, nor does the record in the prior case make clear, whether she received a Notice to Sue letter in that matter, and if so, when she received it. But even assuming she did receive one and filed her 2016 lawsuit within the requisite 90-day period, *see Kannikal*, 776 F.3d at 149, her exhaustion efforts nine years ago with respect to claims against the Fraternal Order of Police are, at a minimum, untimely as to this 2025 lawsuit. Given that this lawsuit attempts to challenge discrimination from 2013 to 2015, Allen-Murphy cannot timely exhaust those claims now. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (construing 42 U.S.C. § 2000e-5(e)(1), which requires a

complainant to file a charge within 180 to 300 days of an alleged discriminatory practice, as a time bar).[6]  The Title VII/PHRA claim will be dismissed.

### C. Breach of Contract Claim

While far from clear, the Court understands Allen-Murphy to allege that the Defendants committed a breach of contract related to her workers' compensation claim when they refused to offer her light work duty when she was injured, and she was denied that opportunity when she was terminated in September 2015.  (Compl. at 3, 5.)  Under Pennsylvania law, breach of contract claims are subject to a four-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5525(a)(1).  The cause of action accrues "when there is an existing right to sue based on a breach of the contract." *Leporace v. N. Y. Life & Annuity*, No. 11-2000, 2011 WL 6739446, at *3 (E.D. Pa. Dec. 21, 2011) (citing *Cooper v. Sirota,* 37 F. App'x 46, 48 (3d Cir. 2002)).  Assuming for the sake of argument here that Allen-Murphy had some "existing right to sue" on the underlying allegations, the claim would have accrued when she was dismissed from the police force in September 2015.  *See Sevast v. Kakouras,* 915 A.2d 1147, 1153 (Pa. 2007) (explaining that in

---

[6] While the time limitations set forth in Title VII are not jurisdictional and subject to equitable tolling, that exception does not assist Allen-Murphy here. *Seitzinger v. Reading Hosp. & Med. Ctr.,*165 F.3d 236, 239-40 (3d Cir. 1999).  "Equitable tolling is to be used 'sparingly.'" *Azadpour v. AMCS Grp. Inc.*, No. 22-2923, 2023 WL 4044607, at *2 (3d Cir. June 16, 2023) (*per curiam*) (quoting *Nat'l R.R. Passenger*, 536 U.S. at 109).  The United States Court of Appeals for the Third Circuit has observed that equitable tolling may be appropriately applied "when a claimant received inadequate notice of her right to file suit." *Seitzinger*, 165 F.3d at 240.  Similar to the law cited above with regard to § 1983 claims, tolling under Title VII is also appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (quotations omitted).  A plaintiff must have acted with "due diligence" to benefit from tolling. *Id.* at 1023.  Allen-Murphy does not assert that any of these grounds applies, and, under these facts, she could not plausibly do so since she filed a suit in 2016 to challenge her dismissal.  (*See* Civ. A. No. 16-2756.)

9

Pennsylvania, "the statute of limitations begins to run as soon as the right to institute and maintain the suit arises"). The limitations period thus elapsed in September 2019. Because she did not file this suit until nearly six years later, Allen-Murphy's state law claim for breach of contract is also untimely and will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Allen-Murphy leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because her claims are time barred. The dismissal will be with prejudice because Allen-Murphy cannot cure the defects in her time-barred claims. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). The "Notice Praecipe for Default Judgment" will be stricken.[7]

**BY THE COURT:**

**HON. MIA R. PEREZ**

---

[7] Allen-Murphy's motion seeking default judgment is improper because the Defendant has not been served in this case. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside.").